UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ELLIS-SALLIE, Administrator of the ESTATE OF CLAUDE ELLIS, JR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 12-cv-6451 ) |
| CITY OF CHICAGO; SERGEANT ROBERT DOLAN, #2451; and OFFICER MARGARET SALLUSTIO, #14117, | ) Judge John W. Darrah ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Ellis-Sallie, as Administrator of the Estate of Claude Ellis, Jr., filed a complaint in the Circuit Court of Cook County, Illinois. After Plaintiff amended her complaint, Defendants, City of Chicago, Sergeant Robert Dolan, and Officer Margaret Sallustio, removed the amended complaint to the Northern District of Illinois, on the basis that Plaintiff alleged certain claims arising under federal law, pursuant to 28 U.S.C. § 1441(c).[1] Defendants filed a motion to dismiss certain claims alleged in Plaintiff's Amended Complaint. This motion has been fully briefed and is ripe for ruling.

## BACKGROUND

Plaintiff alleges the following facts in support of her claims, which must be

---

[1] Defendants also state they are entitled to remove the action pursuant to 28 U.S.C. § 1441(b), which permits removal to federal court on the basis of diversity of citizenship. (Notice of Removal, ¶ 4.) As there is no diversity among the parties, Defendants' removal is improper under this provision.

accepted as true for purposes of this Motion to Dismiss. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (*AnchorBank*). Plaintiff Mary Ellis-Sallie is the mother of decedent, Claude Ellis, Jr. (Am. Compl. ¶ 18.) Claude resided in the basement of Plaintiff's home, located at 319 N. Latrobe, in Chicago, Illinois; Claude's quarters were accessible by stairs from the first floor of Plaintiff's home. (*Id.* ¶¶ 5, 11.) At 1:39 p.m. on August 3, 2011, Claude was in his bed in the basement. (*Id.* ¶¶ 10, 13.) While Claude was in bed on that date, Defendants Dolan and Sallustio, two Chicago Police Officers, entered Plaintiff's home and took the stairs down to Claude's quarters. (*Id.* ¶¶ 7, 12.) Dolan and Sallustio did not have the consent of Plaintiff or Claude to enter the home. (*Id.* ¶ 12.) The Officers also did not possess a warrant, and no other exigent circumstances existed which might permit their entry into the home. (*Id.*) The Officers began battering and physically assaulting Claude with their hands while he was in bed. (*Id.* ¶ 13.) Then, Dolan carelessly and negligently pointed his handgun at Claude and discharged it. (*Id.* ¶ 15.) Dolan shot Claude in the chest, killing him. (*Id.* ¶¶ 16-17.) Sallustio did not deter Dolan from shooting Claude. (*Id.* ¶ 15(f).) Dolan and Sallustio were acting within the scope of their duties as Chicago Police Officers during these events. (*Id.* ¶ 7.)

Thereafter, Plaintiff filed her complaint in the Circuit Court of Cook County, Illinois, amending it on August 2, 2012. This Amended Complaint, removed to the Northern District of Illinois by Defendants, alleges fifteen separate counts against Defendants. Specifically, the Amended Complaint alleges:

(1) a wrongful death claim based on negligence against the City of Chicago;

(2) a survival action based on negligence against the City of Chicago;
(3) a family expense claim on the basis of negligence;
(4) a wrongful death claim on the basis of wilful and wanton conduct against the City of Chicago;
(5) a survival action on the basis of wilful and wanton conduct against the City of Chicago;
(6) a family expense claim on the basis of wilful and wanton conduct against the City of Chicago;
(7) a survival action on the basis of battery against the City of Chicago;
(8) a wrongful death claim pursuant to 42 U.S.C. § 1983 against Dolan;
(9) a survival action pursuant to 42 U.S.C. § 1983 against Dolan;
(10) a wrongful death claim pursuant to 42 U.S.C. § 1983 against Sallustio;
(11) a survival action pursuant to 42 U.S.C. § 1983 against Sallustio;
(12) a survival action on the basis of battery against Sallustio;
(13) a survival action on the basis of battery against Dolan;
(14) a wrongful death claim on the basis of battery against Sallustio; and
(15) a wrongful death claim on the basis of battery against Dolan.

Defendants move to dismiss many of these claims in its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for

failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950. For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). At issue in a 12(b)(6) motion is "not whether a plaintiff will ultimately prevail" but whether the plaintiff is entitled to present evidence to support the claims alleged. *AnchorBank*, 649 F.3d at 614 (internal quotation and citation omitted).

**ANALYSIS**

Due to the confusing nature and lack of organization of the filed briefs, it is useful to first address what is readily apparent and agreed to by both sides. First, Defendants move to dismiss Counts 1, 2, and 3 of the Amended Complaint, arguing that these three state-law claims must be dismissed due to the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202. (Mot. at 4-6.) This Act provides: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Plaintiff concedes in her response that Counts 1, 2, and 3 of the Amended Complaint should be dismissed. (Resp. at 1.) Accordingly, these three counts are dismissed.

Defendant next moves to dismiss Count 6 of the Amended Complaint, which seeks recovery from the City of Chicago "based upon the Family Expense Statute." (Am. Compl. at 7.) Plaintiff fails to identify in her Amended Complaint to what statute, specifically, she refers. (Mot. at 6.) Regardless, after Defendants argue Plaintiff cannot succeed on any family expense claim because Claude was not a minor at the time of his death, Plaintiff also concedes this claim should be dismissed. Therefore, Count 6 of the Amended Complaint is dismissed.

With these four claims (Counts 1, 2, 3, and 6) dismissed pursuant to Fed. R. Civ. P. 41(a)(1), eleven claims remain in the Amended Complaint. Of these eleven remaining claims, Defendants state in their motion they seek to dismiss Counts 7, 9, 11, 12, 13, 14, and 15 of the Amended Complaint. (Mot. at 1.)

5

*Count 4: Claim of Wrongful Death against the City of Chicago Based on Wilful and Wanton Conduct*

Count 4 of the Amended Complaint states "a cause of action against the City of Chicago based upon the wrongful death statute 740 ILCS 180/1 et. Seq. [sic] sounding in willful and wanton conduct . . . ." (Am. Compl. at 4.) In Defendants' Motion to Dismiss, Defendants do not explicitly name Count 4 of the Amended Complaint as a count they seek to dismiss, either in the title of the motion or in the preamble. (Mot. at 1.) However, Defendants state that "both wrongful death claims against Officer Sallustio in Counts 4 and 14 (battery) should be dismissed." (Mot. at 8.) This statement and the argument regarding the dismissal of Count 4 "against Officer Sallustio" are puzzling, as the Amended Complaint explicitly alleges Count 4 against the City of Chicago, *not* against Sallustio. Moreover, Defendants provide later in the motion that "Plaintiff's claims in Count 4, which allege assault, battery and the discharge of a handgun, meet the pleading requirements for wilful and wanton conduct . . . ." (*Id.*) Plaintiff makes no attempt to clarify this issue in her Response, which is nearly incomprehensible. Count 4 of the Amended Complaint was not alleged against Sallustio; therefore, Defendants' apparent attempt to dismiss Count 4 as it is alleged against Sallustio is denied as moot.

*Counts 7, 12, and 13: Survival Action for Battery*

Count 7 of the Amended Complaint is titled "Survival Action – Battery" and alleges "a cause of action against the City of Chicago based upon the wrongful death statute 755 ILCS 5/27-6et. Seq. [sic] and based upon battery . . . ." (Am. Compl. at 8.) Though Plaintiff fails to punctuate this statement, it appears she seeks to rely on 755

6

ILCS 5/27-6, which identifies actions that survive and may be pursued by the estate of a decedent, including "actions to recover damages for an injury to the person . . . [and] actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies." 755 ILCS 5/27-6.

Defendants argue, without the support of any legal authority, that Counts 7, 12, and 13 should be dismissed as duplicative or "extraneous" to Count 5 of the Amended Complaint, which alleges a survival action against the City of Chicago for "willful and wanton conduct." (Am. Compl. at 6.) Defendants simply state that "Plaintiff has the same pleading requirement and burden of proof" in each of these claims, without identifying the pleading requirement and requisite burden of proof for such claims. Adding to the confusion, Plaintiff's Response is silent as to Counts 7, 12, and 13. Count 5 of the Complaint alleges a claim of a survival action against the City of Chicago based on wilful and wanton behavior; Count 7 alleges a survival action against the City of Chicago on the basis of battery.[2] Because these two claims appear on their face to be premised on different bases, Defendants' Motion to Dismiss is denied as to Count 7.

Furthermore, because Counts 12 and 13 are, specifically, the survival actions premised upon battery alleged against Sallustio and Dolan, they are clearly not duplicative of Count 5, which names only the City of Chicago as the defendant. (Am. Compl. at 6, 17-18.) Therefore, Defendants' Motion to Dismiss Counts 12 and 13 as duplicative is denied.

---

[2] Defendants incorrectly suggest in Part C of their motion that Count 7 is a Section 1983 action against Dolan. (Mot. at 9.) It is apparent from the Amended Complaint that Count 7 is a survival action based on battery against the City of Chicago. (Am. Compl. at 8.)

7

A court is required, in considering a motion to dismiss, to treat all facts alleged by a plaintiff as true and draw reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (*Tamayo*). Defendants fail to rebut any inferences made in favor of Plaintiff; therefore, Defendants' Motion to Dismiss Counts 7, 12, and 13 is denied.

*Counts 9 and 11: Survival Actions Pursuant to 42 U.S.C. § 1983*

Defendants next present three sentences in their Motion to Dismiss to argue that Counts 9 and 11, which are survival actions pursuant to 42 U.S.C. § 1983, should be dismissed because they are duplicative to other claims. Notably, the heading of this argument contradicts the body of the argument; the heading states "Plaintiff's §1983 Survival Actions in Counts in Counts [sic] 9 and 11 are extraneous to Plaintiffs' [sic] claims in Count 5 (survival action), Count 7 (§1983 – Sgt. Dolan) and Count 10 (§1983 – Sallustio)." (Mot. at 9.) Directly thereafter, however, Defendants state, "Counts 9 and 11 allege the exact set of facts set forth in the previously pled §1983 claims against the officers (Counts 8 and 10) . . . ." (*Id.*) Presumably, Defendants intend to state that Count *8*, a wrongful death Section 1983 claim against Dolan, is duplicative to Count 9, the survival action under Section 1983 against Dolan. *See supra* note 2. However, the only basis Defendants suggest for the dismissal of Counts 9 and 11 is that they "allege the exact set of facts" as other claims, without explaining how this same set of facts could not support both a claim for wrongful death under Section 1983 and a survival action under Section 1983. As explained above, the Amended Complaint is to be construed in a light most favorable to Plaintiff, and because Defendants have failed to submit any legal

8

bases as to why Counts 9 and 11 should be dismissed, Defendants' Motion to Dismiss Counts 9 and 11 is denied. *See Tamayo*, 526 F.3d at 1081.

*Count 14: Wrongful Death on the Basis of Battery against Sallustio*

Defendants argue in their motion that Count 14 of the Amended Complaint should be dismissed because Plaintiff failed to state a claim for wrongful death against Sallustio. Specifically, Defendants' single reference to Count 14, outside the title of the motion and in the preamble, provides: ". . . the well-pled allegations of the Complaint demonstrate that there is no wrongful death claim based on wilful and wanton conduct against Officer Sallustio. As a result, both wrongful death claims against Officer Sallustio in Counts 4 and 14 (battery) should be dismissed." (Mot. at 7-8.)

Defendants' point regarding Sallustio's role in the events alleged in the Amended Complaint, however inartful, is well taken. It is apparent from the facts alleged that Plaintiff claims Dolan, not Sallustio, shot and killed Claude; no facts alleged in the Amended Complaint support a claim that Sallustio, in her alleged battery of Claude, caused his death. Therefore, Defendants' motion to dismiss Count 14 is granted.

*Count 15: Wrongful Death Claim Based on Battery Against Dolan*

Finally, Defendants seek dismissal of Count 15 of the Amended Complaint, a wrongful death claim alleged against Dolan, on the basis of battery. Defendants argue Count 15 is duplicative of Count 4. However, Count 15 is a claim alleged against Dolan, while Count 4 is a claim alleged against the City of Chicago. Thus, Defendants' Motion to Dismiss Count 15 of the Amended Complaint is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted as to Counts 1, 2, 3, 6, and 14. Defendants' Motion is denied as to all other counts; therefore, Counts 4, 5, 7, 8, 9, 10, 11, 12, 13, and 15 of the Amended Complaint remain.

Date: February 7, 2013

JOHN W. DARRAH
United States District Court Judge